IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20371
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAUNDRA LATREASE JOHNSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CR-447-3
--------------------

December 14, 1999

Before JOLLY, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Saundra Latrease Johnson (Johnson) appeals her guilty-plea conviction of possession with intent to distribute crack cocaine. Johnson argues that the district court failed to comply with Fed. R. Crim. P. 32(c)(1) in denying her request for a two-point reduction of her base offense level under United States Sentencing Guidelines § 3B1.2(b).

The court must resolve disputed factual issues if it intends to use the facts as a basis for its sentence. See Fed. R. Crim. P. 32(c)(1); United States v. Webster, 960 F.2d 1301, 1310 (5th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 1992). While Johnson does not specify what factual disputes the district court should have resolved before it denied her request for a downward departure under § 3B1.2, we conclude that the district court cited sufficient facts at the sentencing hearing to support its denial of her request. The district court noted that the facts of the case indicated that the defendant was involved in an on-going crime that lasted for several months, which resulted in the distribution of hundreds of grams of crack cocaine into the community where the defendant lived and sold this cocaine. The district court also noted that the defendant was an integral part of a crack cocaine distribution chain that relied on the defendant as the local link with the Bryan College Station community to sell the crack cocaine to local citizens.

The reasons given by the district court for denying a downward departure in this case also satisfy this court's requirement that "[t]he sentencing court must state for the record the factual basis upon which it concludes that a requested reduction for minor participation is, or is not, appropriate." United States v. Melton, 930 F.2d 1096, 1099 (5th Cir. 1991).

Based upon the foregoing, the district court satisfied the requirements of Rule 32(c)(1) and Melton in denying Johnson's request for a two-point reduction in her base offense level. Johnson's sentence is therefore AFFIRMED.